# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GUY ALLAN NELSON, <br><br>    Plaintiff, <br><br>  v. <br><br>MUNICIPALITY OF ANCHORAGE, *et al.*, <br><br>    Defendants. | Case No. 3:21-cv-00222-SLG |

## SCREENING ORDER

On October 6, 2021, Guy Allan Nelson, a self-represented prisoner, filed a Prisoner's Complaint under the Civil Rights Act 42 U.S.C. § 1983, along with a Prisoner's Application to Waive Prepayment of the Filing Fee and a Motion for Order to Name John Doe Defendants.[1] The Court now screens Mr. Nelson's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

---

[1] Dockets 1–4.

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[2]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[3] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[4] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[5]

## DISCUSSION

Mr. Nelson alleges claims against the Municipality of Anchorage, the Anchorage Police Department, and Officers John Doe #1-5 pursuant to 42 U.S.C.

---

[2] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[4] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[5] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

§ 1983.[6] As pleaded, Mr. Nelson has not sufficiently alleged facts, that if proven, would state a claim on which relief may be granted. 42 U.S.C. § 1983 has specific statutory requirements that require the harm or injury to be caused by a state actor in violation of a federal constitutional or civil right. Accordingly, the Court dismisses the Complaint, but grants leave to amend in accordance with this order.

## I. Allegations

In Claim 1, Mr. Nelson alleges five unknown police officers detained and arrested him on January 2, 2021.[7] He alleges the officers deliberately fabricated witness statements that he attempted to burgle the Sugarshack by breaking the drive-through window and attempting to crawl inside.[8] He further alleges that upon arrival at Anchorage Correctional Complex, the duty nurse refused to admit him to jail, because he was positive for Covid-19; and officers falsely reported that he failed a medical condition to avoid being arrested.[9] Mr. Nelson alleges the officers falsely reported the incident, thereby subjecting him to a unmerited probation violation.[10] The Court takes judicial notice of Mr. Nelson's state court criminal case *State of Alaska v. Nelson*, Case No. 3AN-15-06622CR, where a Petition to Revoke

---

[6] *See* Docket 1.

[7] Docket 1 at 3.

[8] Docket 1 at 3.

[9] Docket 1 at 3

[10] Docket 1 at 3.

Probation was filed January 7, 2021 resulting in a modification of Mr. Nelson's probation and a ten day in-custody sanction in addition to his time served.[11]

In Claim 2, Mr. Nelson alleges that after the Anchorage Correctional Complex refused to admit him, two unknown officers took him to Wendy's on Fifth Avenue and Reeve Drive.[12] He alleges the unknown officers removed his backpack from the trunk of the patrol car and disposed of his belongings in the dumpster.[13] He alleges the items taken include his: (1) backpack; (2) raincoat; (3) rain pants; (4) sweatshirt; (5) sweatpants; (6) jeans; (7) two pairs of underwear; (8) t-shirts; (9) three pairs of socks; (10) Nike Air Max Shoes; (11) 19" Supersonic TV with remote and coaxial cable; (12) Xbox 360 system with two wireless controllers, link hub and cable; (13) 10 Xbox games; (14) radio with Koss Headphones; (15) winter gloves; (16) $1,500.00 in cash and a debit card; (17) photos of his mother and father; (18) additional personal documents; and (19) hygiene items. He alleges these items are valued at $5,000.00. He further alleges the unknown

---

[11] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[12] Docket 1 at 4.

[13] Docket 1 at 4.

officers "proceeded to torment me with this loss of property until we got to the hospital."[14]

In Claim 3, Mr. Nelson alleges that the Municipality of Anchorage failed to train, supervise, or discipline the unknown officers who deliberately fabricated evidence, arrested him, and subjected him to an unmerited probation violation, in addition to throwing away his personal belongings.[15] Mr. Nelson alleges that the Municipality of Anchorage is liable under the doctrine of *respondeat superior*.[16]

For relief, Mr. Nelson requests (1) $5,000.00 in damages; (2) $10,000.00 in punitive damages; (3) an order requiring Defendants to "refrain from personal contact with me when no emergency requirement is present. The police need to be able to police, but not harass me"; (4) and "any order the Court deems just."[17]

## II. **Failure to State a Claim**

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that Mr. Nelson is

---

[14] Docket 1 at 4.

[15] Docket 1 at 5.

[16] Docket 1 at 5.

[17] Docket 1 at 8.

alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him.

The Complaint alleges harms that Mr. Nelson believes have occurred to him and identifies the laws or legal theories he believes have been violated. In order to sufficiently plead a claim, Mr. Nelson needs to provide sufficient factual details to support the harm and legal violations alleged. Mr. Nelson needs to sequentially explain the events of January 2, 2021 to sufficiently plead the elements of each legal claim, as further explained below.

### III. <u>42 U.S.C. § 1983</u>

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff of rights secured by the federal Constitution or federal statutes."[18]

#### a. 42 U.S.C. § 1983 requires a defendant to be a state actor.

42 U.S.C. § 1983 requires that a defendant must be "acting under the color of state law."[19] A defendant has acted under color of state law where he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[20] Law

---

[18] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[19] *West v. Atkins*, 487 U.S. 42, 49 (1988).

[20] *West*, 487 U.S. at 49 (internal citations omitted); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).

enforcement officers and municipalities are persons for the purposes of § 1983.[21] Mr. Nelson has fulfilled this required element.

### b. A state actor must violate a pre-existing federal constitutional or statutory right.

42 U.S.C. § 1983 does not confer federal constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[22] Constitutional rights are those conferred by the U.S. Constitution to individual citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question.[23] Section 1983 does not provide a mechanism for remedying alleged violations of state law.[24]

### i. Claim 1

A prisoner, or convicted person, may not bring a civil rights claim under 42 U.S.C. § 1983 that collaterally attacks his state court conviction. In *Heck v. Humphrey*, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other

---

[21] *See generally Rice v. Morehouse*, 989 F.3d 1112 (9th Cir. 2021); *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690 (1978).

[22] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[23] *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027–28 (9th Cir. 1999).

[24] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

> harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus .... A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is *not* cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed ....[25]

Under this doctrine, when a plaintiff convicted of a state law crime seeks relief in a § 1983 suit, the federal district court must evaluate whether a judgment in the plaintiff's favor in the § 1983 suit would undermine the validity of the state court conviction.[26] In practical application, *Heck* "bars a plaintiff's action if it would negate an element of the offense . . . or allege facts inconsistent with the plaintiff's conviction[.]"[27] This rule applies regardless of whether the prisoner seeks damages or injunctive relief or who the target of the suit is, "if success in that action would necessarily demonstrate the invalidity of confinement or its duration."[28]

---

[25] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

[26] *Lemos v. Cty. of Sonoma*, 5 F.4th 979, 983 (9th Cir. 2021).

[27] *Sanders v. City of Pittsburg*, 14 F.4th 968, 970–71 (9th Cir. 2021) (relying on *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) and *Beets v. Cnty. of Los Angeles*, 669 F.3d 1038, 1046 (9th Cir. 2012).

[28] *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Mr. Nelson alleges unknown officers deliberately fabricated evidence in violation of *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) (en banc), which led to a probation violation. On January 7, 2021, the State of Alaska filed a Petition to Revoke Probation in Mr. Nelson's state court criminal case.[29] The Alaska Superior Court held a contested adjudication hearing on April 27, 2021, and a disposition hearing was on May 24, 2021.[30] Mr. Nelson was adjudicated in violation of probation, served a custodial sanction, then returned to modified supervised probation.[31]

Claim 1 alleges unknown officers deliberately fabricated evidence, elicited false witness statements, and falsified reports, thereby causing an unmerited probation violation. Claim 1 collaterally attacks Mr. Nelson's probation violation conviction by challenging the underlying evidence. *Heck v. Humphrey* expressly prohibits federal district courts from entertaining these types of civil rights allegations, because they seek to undermine state court determinations and sentences. In order for Mr. Nelson to procced on these claims, he must demonstrate that his probation violation conviction has been overturned on appeal,

---

[29] *State of Alaska v. Nelson,* Case No. 3AN-15-06622CR, docket entry dated January 7, 2021 ("Petition to Revoke Probation #1.").

[30] *State of Alaska v. Nelson,* Case No. 3AN-15-06622CR, events dated April 27, 2021 ("Adjudication Hearing: Contested") and May 24, 2021 ("Disposition Hearing: Superior Court").

[31] *State of Alaska v. Nelson,* Case No. 3AN-15-06622CR, docket entry dated May 24, 2021 ("Petition to Revoke Probation: Order Modifying/Continuing Probation").

expunged by executive order, declared invalid by a state tribunal, or called into question by a writ of habeas corpus.[32] The Court cannot grant such relief in a civil action, nor can these claims proceed due to the bar imposed by *Heck v. Humphrey*. Claim 1 must be dismissed; amendment is futile unless Mr. Nelson's probation violation adjudication is vacated.

### ii. Claim 2

Mr. Nelson alleges that unknown officers took him to a Wendy's restaurant and disposed of his personal property in a dumpster. These allegations implicate two potential legal issues.

#### 1. Fourth Amendment - Seizure

The Fourth Amendment of the U.S. Constitution guarantees individuals the right to be free from unreasonable seizure of their personal property. "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property."[33] A plaintiff must plead the following elements to sufficiently plead a property seizure claim: 1) a state actor defendant seized plaintiff's property; 2) that defendant acted intentionally; and 3) the seizure was unreasonable. Mr. Nelson must plead sufficient facts that address each of these elements by explaining when the defendants seized his property, the

---

[32] *Heck*, 512 U.S. at 486-87.

[33] *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1027, 1030-33 (9th Cir. 2012) (recognizing homeless person's possessory interest in property left temporarily unattended, even if person was in violation of city ordinance).

defendants frame of mind (did they act intentionally), and why that defendant's actions were unreasonable.

### 2. Fifth & Fourteenth Amendments – Taking

The Takings Clause of the Fifth Amendment of the U.S. Constitution, made applicable to states and local governments through the Due Process Clause of the Fourteenth Amendment, prohibits the government from taking private property without just compensation.[34] In order to establish a Takings Clause violation, a plaintiff must sufficiently plead facts that support each of the following: (1) he has a protected property right[35] and (2) that property right was taken without compensation.[36] Mr. Nelson must plead sufficient facts to show (1) he had a protected property right in certain personal property and (2) government actors took that property without compensation.

Mr. Nelson must plead sufficient plausible facts to meet the elements of a seizure pursuant to the Fourth Amendment of the U.S. Constitution and/or the Takings Clause violation pursuant to the Fifth and Fourteenth Amendments. Claim 2 is dismissed with leave to amend.

### iii. Claim 3

Mr. Nelson alleges that the Municipality of Anchorage failed to train,

---

[34] *Ward v. Ryan*, 623 F.3d 807, 810 (9th Cir. 2010).

[35] *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 571-77 (1972) (acknowledging personal property as a protected property interest).

[36] *Vandevere v. Lloyd*, 644 F.3d 957, 963 (9th Cir. 2011).

supervise, and discipline the unknown officers who he alleges violated his rights. *Respondeat superior* is the theory that a supervisor is responsible for the conduct of his or her employee; however, a supervisor may not be held liable under *respondeat superior* in a § 1983 action.[37] In order to prevail on claim against a municipal entity for an alleged constitutional violation, "a plaintiff must go beyond the *respondeat superior* theory of liability and demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit."[38]

In order for a plaintiff to establish a claim against a municipality alleging liability based on an official policy, practice, or custom, the plaintiff must sufficiently plead facts that allege: (1) a government official acted under color of state law; (2) that the government official deprived the plaintiff of a constitutional or statutory right; (3) the government official acted pursuant to an official, adopted policy or a longstanding practice or custom of the municipality; and (4) that the policy or custom caused the deprivation of the plaintiff's rights. An official policy means a formal policy, such as a rule or regulation adopted by a municipality.[39] A longstanding practice or custom means an action that is so "persistent" that it constitutes a "permanent and well settled city policy" and "constitutes the standard

---

[37] *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc), *cert. denied sub nom. Los Angeles Cty., Cal. v. Castro*, 137 S. Ct. 831 (2017).

[38] *Kirkpatrick v. Cty of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) (en banc).

[39] *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

operating procedure of the local governmental entity."[40] Mr. Nelson must plead sufficient facts that (1) clearly identifies a specific policy or custom of the Municipality of Anchorage; (2) explains how the government officers applied that policy; and (3) explains how the application of that specific policy and custom caused his rights to be violated.

Similarly in order for a plaintiff to establish a claim against a municipality alleging liability based on a failure to train its police officers, a plaintiff must sufficiently plead facts that allege (1) a police officer acted under the color of state law; (2) a police officer deprived the plaintiff of a constitutional or statutory right; (3) the training policies of the municipality were inadequate to prevent a violation of rights or to handle usual and reoccurring situations with which they must deal; (4) the municipality was deliberately indifferent to the substantial risk of inadequate policies or known and obvious consequences of failing to train its police officers; and (5) the municipality's failure to train its governmental officials caused the deprivation of plaintiff's rights.[41] "Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.[42] Mr. Nelson must plead sufficient facts to show that (1) police officers, (2) violated his constitutional

---

[40] *Trevino v. Gates*, 99 F.3d 911, 918 (quoting *Monell*, 436 U.S. at 691 (1978).

[41] *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 409-11 (1997) (addressing failure to screen candidates); *Jackson v. Barnes*, 749 F.3d 755, 763-64 (9th Cir. 2014) (addressing failure to supervise), *cert. denied*, 135 S. Ct. 980 (2015); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012) (addressing failure to implement policy).

[42] *Connick*, 563 U.S. at 61.

Case No. 3:20-cv-00222-SLG, *Nelson v. Municipality of Anchorage, et al.*
Screening Order
Page 13 of 18    Case 3:21-cv-00222-SLG    Document 6    Filed 12/28/21    Page 13 of 18

or statutory rights, because (3) the training policies of the Municipality of Anchorage are inadequate and (4) the Municipality of Anchorage was deliberately indifferent to the substantial risk that its inadequate training policies or the known and obvious consequences of failing to train its employees would cause a deprivation of plaintiff's rights by the police officers, which (5) caused his harm.

### c. A state actor must cause a violation of rights.

In a Section 1983 action, a defendant may be sued in either an individual or an official capacity. The Complaint names the Municipality of Anchorage and John Doe officers in their individual capacities.

#### i. Individual Capacity

In order for a defendant to be individually liable under Section 1983, that defendant must personally participate in an alleged rights deprivation.[43] "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury."[44] A defendant sued in her individual capacity may be held liable for money damages.[45] In order for Mr. Nelson to sue defendants in an individual capacity, then as to each defendant, he must allege facts that if proven would demonstrate (1) that the named defendant personally participated in depriving Mr. Nelson of his rights and (2) that defendant's actions

---

[43] *Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir. 2010).

[44] *Harper v. City of Los Angeles,* 533 F.3d 1010, 1026 (9th Cir. 2008).

[45] *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016).

Case No. 3:20-cv-00222-SLG, *Nelson v. Municipality of Anchorage, et al.*
Screening Order
Page 14 of 18   Case 3:21-cv-00222-SLG   Document 6   Filed 12/28/21   Page 14 of 18

caused Mr. Nelson's injury.

### ii. Official Capacity

In a Section 1983 action, a plaintiff may sue a defendant in an official capacity as an alternate way of pleading a claim against the governmental entity for which that individual is an officer or employee.[46] A plaintiff suing a defendant in her official capacity is not required to allege the "named official's personal involvement in the acts or omissions constituting the alleged constitutional violation."[47] Instead, a plaintiff must only (1) "identify the law or policy challenged" and (2) "name the official within the entity who can appropriately respond to injunctive relief."[48] However, a defendant sued in her official capacity may not be sued for damages, only for injunctive relief.[49] In order for Mr. Nelson to sue a defendant in her official capacity, he must (1) identify the policy he challenges and (2) demonstrate that that particular defendant is able to respond to the injunctive relief he requests.

## CONCLUSION

Mr. Nelson alleges claims pursuant to 42 U.S.C. § 1983. His Complaint fails to state a claim upon which relief may be granted; however, the Court grants leave

---

[46] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Hafer v. Melo*, 502 U.S. 21, 27 (1991).

[47] *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013).

[48] *Id.*

[49] *See Will v. Mich. Dep't. of State Police*, 491 U.S. 64, 71 n.10.

to amend Claims 2 & 3.

**IT IS THEREFORE ORDERED:**

1. The Complaint at Docket 1 is dismissed without prejudice. The Court grants leave to amend.

2. Mr. Nelson has until **January 28, 2022** to file one of the following:

    a. <u>Amended Complaint</u>, in which Mr. Nelson would resubmit his claims to the Court after correcting the deficiencies in accordance with this order. An amended complaint would replace the current complaint in its entirety;[50] OR

    b. <u>Notice of Voluntary Dismissal</u>, which would inform the Court that Mr. Nelson no longer wishes to pursue this lawsuit and would dismiss the entire action.

3. Any amended complaint should be on this Court's form, which is being provided to Mr. Nelson with this Order. As noted above, an amended complaint replaces the prior complaint in its entirety.[51] Mr. Nelson must include all of the claims he seeks to bring in an amended complaint. Any claims not included in the amended complaint will be considered waived.

---

[50] *See* Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

[51] *See* Local Civil Rule 15.1.

4. If Mr. Nelson does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form by **January 28, 2022,** this case will be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B). This dismissal will count as a "strike" against Mr. Nelson under § 1915(g).[52]

5. The Application to Waive Prepayment of the Filing Fee at Docket 2 is **GRANTED**. An order addressing the collection of the filing fee will issue separately.

6. The Motion for Order to Name John Doe Defendants at Docket 3 is **DENIED AS PREMATURE**. Should Mr. Nelson plead viable claims against John Doe defendants in his Amended Complaint, the Court will issue additional instructions on how Mr. Nelson may obtain and serve a subpoena and file a Notice of Substitution.

7. At all times, Mr. Nelson must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

---

[52] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

8. The Clerk of Court is directed to send Mr. Nelson the following forms with this order: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

DATED this 28th day of December, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE